STEPHENS, INTERIM OHIO CONSUMERS' COUNSEL, APPELLANT, v.
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Stephens v. Pub. Util. Comm.,
102 Ohio St.3d 44, 2004-Ohio-1798.]

(No. 2002–1929—Submitted November 19, 2003—Decided April 28, 2004.)

FRANCIS E. SWEENEY, SR., J.

## Background

{¶ 1} This is an appeal as of right by Ohio Consumers' Counsel ("OCC")[1] of decisions of the Public Utilities Commission of Ohio ("commission") in *In the Matter of the Application of United Telephone Company of Ohio, d.b.a. Sprint, for Approval of an Alternative Form of Regulation Pursuant to Chapter 4901:1–4, Ohio Administrative Code* ("Sprint Application proceedings"). The applicant in the commission proceedings below, United Telephone Company of Ohio, d.b.a. Sprint, intervened in this appeal in support of the appellee commission.

{¶ 2} Central to OCC's appeal is his challenge of the validity of the administrative rules developed and adopted by the commission in *In the Matter of the Commission–Ordered Investigation of an Elective Alternative Regulatory Framework for Incumbent Local Exchange Companies*, PUCO case No. 00–1532–TP–COI ("EARF Rulemaking proceedings"). In fact, so intertwined were the two commission proceedings that the commission in its order in the Sprint Application proceedings incorporated the record in the EARF Rulemaking proceedings in its entirety. Likewise, the record before the commission in both proceedings constitutes the record before the court in this appeal.

{¶ 3} R.C. 4927.03,[2] the statutory underpinning of both the EARF Rulemaking proceedings and the Sprint Application proceedings, provides:

{¶ 4} "[T]he public utilities commission, upon its own initiative or the application of a telephone company or companies, after notice, after affording the public and any affected telephone company a period for comment, and after a hearing if it considers one necessary, may, by order, exempt any telephone company or

---

1. Robert S. Tongren served as OCC when the notice of appeal in these proceedings was filed. Tongren resigned as OCC during the pendency of this appeal; on the date of submission of this appeal, Eric B. Stephens was serving as Interim OCC.

2. The policy directive of R.C. Chapter 4927 is to ensure the availability of adequate basic local exchange service, to maintain just and reasonable rates and charges for public telecommunication services, to encourage innovation in the telecommunications industry, to promote diversity and options in the supply of public telecommunications services and equipment throughout the state, and to recognize the continuing emergence of a competitive telecommunications environment. R.C. 4927.02(A).

companies, as to any public telecommunications service except basic local exchange service, from any provision of Chapter 4905. or 4909. of the Revised Code or any rule or order issued under those chapters, or establish alternative regulatory requirements to apply to such public telecommunications service and company or companies; *provided the commission finds that any such measure is in the public interest and either of the following conditions exists:*

{¶ 5} "(a) *The telephone company or companies are subject to competition with respect to such public telecommunications service:*

{¶ 6} "(b) *The customers of such public telecommunications service have reasonably available alternatives.*" (Emphasis added.)

{¶ 7} The commission observed in its order in the EARF Rulemaking proceedings that "[a]t the outset, we note that Section 4927.03, Revised Code, specifically authorizes the Commission to establish alternative regulatory requirements on our own initiative." Indeed, the commission established the alternative regulatory requirements in the rules it adopted as Ohio Adm.Code Chapter 4901:1–4 in its EARF Rulemaking proceedings. Sprint's application for approval of its proposed alternative form of regulation in the Sprint Application proceedings was the first such application filed under Ohio Adm.Code Chapter 4901:1–4. Sprint's application for approval and the commission's consideration of the application were governed by R.C. 4927.03, just as was its development and adoption of alternative regulation rules in the EARF Rulemaking proceedings.

{¶ 8} Thus, both commission proceedings under scrutiny in this appeal are subject to the proviso contained in the foregoing italicized language in R.C. 4927.03, which obligates the commission to find that the alternative regulation is in the public interest and that the regulated telephone companies are subject to competition or their customers have reasonably available alternatives. Indeed, the commission made the requisite findings in its orders in both proceedings.

### Prerequisite Competition Findings

{¶ 9} OCC argues that the commission was unjustified in making the statutorily required findings for a number of reasons, thereby invalidating the rules adopted in the EARF Rulemaking proceedings. Then, OCC argues that the commission's determinations in the Sprint Application proceedings were abrogated because those proceedings were conducted pursuant to the rules improperly adopted in the EARF Rulemaking proceedings.

{¶ 10} In particular, OCC first argues that the commission's determination that the nonbasic telecommunications services of each Ohio incumbent local exchange company ("ILEC") were subject to competition was erroneous as a matter of law because it conflicts with the statutory exemption from competition for 36 of Ohio's 42 ILECs that are classified as "rural telephone companies" under the Telecom-

munications Act of 1996, specifically, Section 251(f)(1)(A), Title 47, U.S.Code. OCC then argues that Section 251(f)(1)(A) exempts rural telephone companies from the "market-opening" provisions of Section 251(c), Title 47, U.S.Code, and that the commission "explicitly relied" on Section 251(c) in determining that each nonbasic telecommunications service offered by each of Ohio's 42 ILECs was subject to competition.

{¶ 11} Notwithstanding OCC's argument to the contrary, a thorough review of the commission's orders that are the subject of this appeal reveals no such express commission reliance on Section 251(c), Title 47, U.S.Code in support of its competition findings. Moreover, while Section 251(f)(1) provides an exemption for certain rural telephone companies, it is not an exemption from competition, as claimed by OCC. Rather, it is an exemption solely from the extraordinary duties of Section 251(c) and is by its very terms revocable at the behest of a competitor and upon the decision of the commission. In addition, it provides no exemption from the competitive obligations of Section 251(a), which compels traffic exchange and technical compatibility, and it provides no exemption from the competitive duties of Section 251(b), involving resale by competitors, local number portability, dialing parity, access to rights of way, reciprocal compensation, etc. The exemption of Section 251(f) as it bears on Section 251(c) simply is not an exemption from competition as claimed by OCC. Therefore, we reject OCC's claim of error by the commission as to its competition findings.

Adversarial Evidentiary Hearing(s)

{¶ 12} OCC complains that the EARF Rulemaking proceedings did not include an adversarial evidentiary hearing, and that the commission impermissibly relied on pleadings, comments, and attachments to make the requisite statutory findings as to competition or available alternatives. OCC then asserts that only sworn evidence can be considered in a case where issues are in dispute, and that this is best accomplished in the context of adversarial evidentiary hearings. Thus, he asserts, the commission did not have proper evidence before it upon which to base its competition and available-alternative findings. However, there simply is no requirement that the rulemaking proceedings be conducted in an adversarial evidentiary hearing or that the "evidence" to be considered by the commission be only the "evidence" adduced at such a hearing. The applicable statute allows the commission to establish alternative regulatory requirements or grant exemptions "after notice, after affording the public and any affected telephone company a period for comment." R.C. 4927.03(A)(1). The statute allows the commission to conduct a hearing "if it considers one necessary." Id.

{¶ 13} The General Assembly chose to require only a streamlined "notice and comment" process. A notice-and-comment process necessarily does not involve an adversarial evidentiary hearing and it does not contemplate receiving all

information in the form of sworn testimony or hearing exhibits. On the contrary, it simply requires comments by interested parties.

{¶ 14} OCC also complained about the lack of a hearing in the Sprint Application proceedings. That complaint is embodied in the last two of his claimed commission errors in his notice of appeal.[3] Being based on OCC's Application for Rehearing in the Sprint Application proceedings, these claimed errors were addressed and disposed of by the commission in its entry on rehearing: "As pointed out by OCC in its rehearing application, Section 4927.03(A), Revised Code, 'states that alternative regulation can be granted to ILEC non-basic services after a hearing, if the Commission considers one necessary.' In Rule 4901:1-4-02[D], O.A.C., we set forth our standard that, '[a]bsent extraordinary circumstances established through clear and convincing evidence that reasonable grounds for a hearing exist, a hearing will not be held.' After careful consideration of OCC's request for hearing and our thorough review of all of the evidence in [the EARF Rulemaking proceedings] and the additional evidence submitted by Sprint in this case, we have determined that a hearing in this case is not warranted. * * * Thus, we find that OCC's request for rehearing on this issue must be denied." We agree with the commission and find that OCC was not entitled to an evidentiary hearing in either of the two commission proceedings under scrutiny in this appeal and that the commission was justified in denying OCC's requests for hearings in both proceedings.

### Evidentiary Matters

{¶ 15} Consideration of OCC's notice of appeal in this case reveals that a number of his complaints are grounded in evidentiary issues. Moreover, he argues that (1) there was "no evidence" in the record to support the commission's decision, (2) even if the information in the record was considered evidence, it should be disregarded because the commission did not expressly rely on it, and (3) the commission should be forced to rely upon the more credible evidence submitted by OCC. As to the issue of the commission's prerequisite competition findings, OCC makes various arguments as to what he believes the evidence was required to show as to the levels and types of existing competition, how competition is demonstrated, whether there is competition as to each and every nonbasic telephone service, whether the competition is currently existing or only

---

3. {¶ a} These claimed errors were as follows:

{¶ b} "5. The Appellee acted unlawfully or unreasonably in utilizing a process where Appellant had to show clear and convincing evidence of extraordinary circumstances before Appellee would hold a hearing on the application.

{¶ c} "6. The Appellee acted unlawfully or unreasonably in failing to find that Appellant had shown clear and convincing evidence of extraordinary circumstances and in failing to explain why clear and convincing evidence of extraordinary circumstances had not been shown."

potential, etc. Suffice it to say that OCC's evidentiary arguments are just that: they deal with the propriety, adequacy, and weight of the evidence supporting the commission's decisions.

{¶ 16} It is apparent from OCC's arguments that he is asking this court to examine in minute detail the record below and to weigh the evidence. We decline to do so. If a finding or decision of the commission is supported by sufficient record evidence, as is the case in this appeal, the court will not weigh the evidence and substitute its judgment for that of the commission. *Time Warner AxS v. Pub. Util. Comm.* (1996), 75 Ohio St.3d 229, 233, 661 N.E.2d 1097; *Canton Storage & Transfer Co. v. Pub. Util. Comm.* (1995), 72 Ohio St.3d 1, 4, 647 N.E.2d 136; *Indus. Energy Consumers of Ohio Power Co. v. Pub. Util. Comm.* (1994), 68 Ohio St.3d 547, 554, 629 N.E.2d 414; and *MCI Telecommunications Corp. v. Pub. Util. Comm.* (1988), 38 Ohio St.3d 266, 268, 527 N.E.2d 777. Furthermore, the court will not reverse or modify a finding or decision of the commission, unless the commission's finding or decision is manifestly against the weight of the evidence. *Ohio Edison Co. v. Pub. Util. Comm.* (1992), 63 Ohio St.3d 555, 589 N.E.2d 1292; *MCI Telecommunications Corp.*, 38 Ohio St.3d at 268, 527 N.E.2d 777; *Dayton Power & Light Co. v. Pub. Util. Comm.* (1983), 4 Ohio St.3d 91, 94, 4 OBR 341, 447 N.E.2d 733; and *Columbus v. Pub. Util. Comm.* (1979), 58 Ohio St.2d 103, 104, 12 O.O.3d 112, 388 N.E.2d 1237. The commission's findings and decisions in the matters on appeal were not manifestly against the weight of the evidence. Therefore, OCC's evidentiary arguments fail.

## Conclusion

{¶ 17} Based on the foregoing, we affirm the order of the commission.

Order affirmed.

MOYER, C.J., BRYANT, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

PEGGY BRYANT, J., of the Tenth Appellate District, sitting for RESNICK, J.

---

Eric. B. Stephens, Interim Ohio Consumers' Counsel, David C. Bergmann, Joseph P. Serio and Terry L. Etter, Assistant Consumers' Counsel, for appellant Ohio Consumers' Counsel.

Jim Petro, Attorney General, Duane W. Luckey, Steven T. Nourse, William L. Wright and Jodi J. Bair, Assistant Attorneys General, for appellee Public Utilities Commission of Ohio.

Joseph R. Stewart, for intervening appellee United Telephone Company of Ohio, d.b.a. Sprint.

Bailey Cavalieri, L.L.C., William A. Adams and Dane Stinson; Jon F. Kelly and Mary Ryan Fenlon, urging affirmance for amicus curiae SBC Ohio.

Thomas E. Lodge, urging affirmance for amicus curiae Ohio Telecom Association.